**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WONZEL BOYD,**

                  **Plaintiff,**

-vs-                                        **Case No. 6:06-cv-1566-Orl-28KRS**

**R & I TRUCKING, INC., RICHARD RANSOM,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 20)**
>
> **FILED:**     March 27, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This case comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment. Doc. No. 20.

      This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit

explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the joint motion for approval of the settlement agreement, doc. no. 20, and the settlement agreement submitted by the parties, doc. no. 20-2, the parties provide a summary of settlement negotiations and describe the factors which caused the plaintiff to lower his demand. In reviewing the settlement negotiations, I find that the settlement is a reasonable compromise of disputed issues and not a waiver of the plaintiff's statutory rights. The proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, I respectfully recommend that the Court approve the settlement agreement and dismiss the case with prejudice, pursuant to the agreement of the parties. I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy