**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WONZEL BOYD,**

                **Plaintiff,**

**-vs-**                                                  **Case No.  6:06-cv-1566-Orl-28KRS**

**R & I TRUCKING, INC., RICHARD RANSOM,**

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration after hearings on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **NOTICE TO COURT OF NONPAYMENT OF SETTLEMENT AND MOTION TO COMPEL (Doc. No. 25)** |
| **FILED:** | **July 2, 2007** |

    On March 16, 2007, Defendants entered into a settlement agreement in which they agreed to pay Plaintiff $6,000.00.  Doc. No. 20-2.  The Court approved this settlement as fair as required by the Fair Labor Standards Act and dismissed the case.  Doc. No. 22.

    At a hearing on the present motion held on September 19, 2007, Defendant Richard Ransom appeared before the Court individually and as a representative of the corporate defendant. He admitted that Defendants owed but had not paid the settlement sum as required by the settlement agreement,

and he requested more time to do so. I continued the hearing to November 9, 2007, and again ordered Defendants to appear before the Court at the continued hearing. Doc. No. 31.

Defendants did not appear at the hearing on November 9, 2007. Counsel for Plaintiff, who appeared at the hearing, indicated that Defendants had not paid the settlement sum. Accordingly, Plaintiff seeks an order enforcing the settlement agreement.[1]

The order of dismissal is silent regarding whether the Court intended to retain jurisdiction to enforce the settlement agreement. Doc. No. 22. By incorporating the approval of the settlement agreement in the order of dismissal, the Court has the discretionary authority to exercise ancillary jurisdiction to enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994)(stating, in dicta, that the court could exercise ancillary jurisdiction to enforce a settlement agreement, the terms of which were incorporated an order of dismissal).

Should the Court elect to exercise ancillary jurisdiction over this matter, then I recommend that the Court grant the motion and enter a judgment against Defendants, jointly and severally, in the amount of $6,000.00 as of March 16, 2007, *nunc pro tunc*, consistent with the terms of the settlement agreement. The Court may also wish to consider whether an order to show cause should issue based on Defendants' failure to appear at the November 9, 2007, hearing in violation of my order.

---

[1] In the motion, Plaintiff also sought an award of attorney's fees and costs. At the hearing held on this matter on November 9, 2007, counsel for Plaintiff did not request this relief, and no evidence has been presented regarding the attorneys' fees and costs incurred. Therefore, I consider that request to have been abandoned.

Should the Court decline to exercise ancillary jurisdiction over the motion, then I recommend that the Court deny the motion without prejudice to filing an action to enforce the settlement agreement in state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 9, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy